CR 15   00365   LHK

SEALED BY ORDER OF THE COURT

E-filing

Filed JUL 09 2015

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

### THE UNITED STATES OF AMERICA
### vs.
### NIMA KALBASI

### INDICTMENT

| | |
|---|---|
| Counts One & Two: | 18 U.S.C. § 1030(a)(2)(C) & (c)(2)(B)(ii) –Felony Computer Intrusion; |
| Count Three: | 18 U.S.C. § 1030(a)(2)(C)-Misdemeanor Computer Intrusion |

*A true bill.*

_____
Foreperson

Filed in open court this ___9___ day of ___July___
A.D. 201_5_

_____
United States Magistrate Judge

Bail. $ ___No Bail Arrest Warrant___



MELINDA HAAG (CABN 132612)
United States Attorney

SEALED BY ORDER OF THE COURT

E-filing

Filed
JUL 09 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NIMA KALBASI, <br><br> Defendant. | CASE NO. CR 15 00365 LHK HRL <br><br> VIOLATIONS: 18 U.S.C. § 1030(a)(2)(C) & (c)(2)(B)(ii) – Felony Computer Intrusion; 18 U.S.C. § 1030(a)(2)(C) – Misdemeanor Computer Intrusion. <br><br> SAN JOSE VENUE |

INDICTMENT

The Grand Jury charges:

BACKGROUND

At all times relevant to this Information:

1. The defendant, NIMA KALBASI ("KALBASI"), resided in Ontario, Canada. From November 2013 to December 2014, KALBASI was employed as a Mechanical Engineer for Tesla Motors, Inc. ("Tesla").

2. Tesla was an electric automobile manufacturer headquartered in Palo Alto, California. Tesla's e-mail server, located in Santa Clara County, California, was used in and affecting interstate and foreign commerce and communication, and constituted a "protected computer" pursuant to 18 U.S.C. § 1030(e)(2)(B).

U.S. v. KALBASI
INDICTMENT

3.   On December 3, 2014, KALBASI was terminated from his position with Tesla. During his time as a Tesla employee, KALBASI was authorized to access the Tesla e-mail system remotely to check his work e-mail account. Following his termination, KALBASI's Tesla e-mail account was deactivated and KALBASI was not authorized to access the Tesla e-mail server for any reason.

4.   D.W. was KALBASI's manager while KALBASI was employed at Tesla and remained employed at Tesla after KALBASI's termination. D.W. had a Tesla e-mail account that he utilized to carry on his duties as a Tesla manager, and his e-mail account contained confidential communications involving employee evaluations and customer complaints.

5.   KALBASI obtained D.W.'s Tesla e-mail account username and password and used them to access D.W.'s Tesla e-mail account without D.W.'s knowledge or authorization. From approximately December 16, 2014 to approximately January 13, 2015, KALBASI logged into D.W.'s Tesla e-mail account without authorization approximately 297 times. During those unauthorized accesses, KALBASI downloaded private e-mails detailing employee evaluations and customer complaints. KALBASI also posted an e-mail with a customer complaint report on a public website, and made disparaging comments concerning the alleged quality issues that he then and there well knew to be false and misleading, all the while intending to harm Tesla's reputation and credibility.

<u>COUNT ONE</u>:  (18 U.S.C. §§ 1030(a)(2) and (c)(2)(B)(ii) – Felony Computer Intrusion)

6.   The factual allegations in Paragraphs 1 through 5 are realleged as if set forth fully herein.

7.   On or about January 7 and 8, 2015, within the Northern District of California and elsewhere, the defendant,

NIMA KALBASI,

intentionally accessed a protected computer used in interstate and foreign commerce and communication without authorization and exceeding authorized access, and thereby obtained information from a protected computer, that is, the Tesla e-mail server, and the offense was committed in furtherance of a criminal and tortious act in violation of the Constitution or laws of the United States and of any State; that is, defendant used the Internet to access the Tesla e-mail account of D.W., a Tesla employee, without authorization, and viewed confidential employee evaluations, private e-mails, and obtained an e-

U.S. v. KALBASI
INDICTMENT

1 mail containing a confidential customer complaint report therein, in furtherance of, among others, the
2 California tort of "Intrusion into a Private Place, Conversation, or Matter."
3     All in violation of Title 18 United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).
4 COUNT TWO: (18 U.S.C. §§ 1030(a)(2) and (c)(2)(B)(ii) – Felony Computer Intrusion)
5     8.    The factual allegations in Paragraphs 1 through 5 are realleged as if set forth fully herein.
6     9.    On or about January 7 and 8, 2015, within the Northern District of California and
7     elsewhere,
8 the defendant,

NIMA KALBASI,

intentionally accessed a protected computer used in interstate and foreign commerce and communication without authorization and exceeding authorized access, and thereby obtained information from a protected computer, that is, the Tesla e-mail server, and the offense was committed in furtherance of a criminal or tortious act in violation of the Constitution and laws of the United States and of any State; that is, defendant used the Internet to access the Tesla e-mail account of D.W., a Tesla employee, without authorization, and viewed and obtained an e-mail containing a confidential customer complaint report therein, in furtherance of, among others, the California tort of "False Light."

    All in violation of Title 18 United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).

///

U.S. v. KALBASI
INDICTMENT

COUNT THREE: (18 U.S.C. § 1030(a)(2)(C) – Misdemeanor Computer Intrusion)

10. The factual allegations in Paragraphs 1 through 5 are realleged as if set forth fully herein.

11. On or about January 7, 2015, within the Northern District of California and elsewhere, the defendant,

NIMA KALBASI,

intentionally accessed a protected computer used in interstate and foreign commerce without authorization and exceeding authorized access, and thereby obtained information from a protected computer; that is, defendant used the Internet to access the contents of e-mail account of Tesla employee, D.W.

All in violation of Title 18, United States Code, Section 1030(a)(2)(C), a Class A Misdemeanor.

Dated: 9 Jul 2015

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
MATTHEW A. PARRELLA
Chief, CHIP Unit

(Approved as to form: _____ )
AUSA HANLEY CHEW

U.S. v. KALBASI
INDICTMENT

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☐ SUPERSEDING

**— OFFENSE CHARGED —**

Unauthorized Access of a Protected Computer to Further Tort - 18 U.S.C. § 1030(a)(2)(C) & (c)(2)(B)(ii); Unauthorized Access of a Protected Computer -18 U.S.C. § 1030(a)(2)(C)

☐ Petty
☐ Minor
☒ Misdemeanor
☒ Felony

PENALTY: See Attachment to Penalty Sheet

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

**— DEFENDANT - U.S —**

▶ Nima Kalbasi

DISTRICT COURT NUMBER
**CR 15 00365 LHK**

Filed JUL 09 2015
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**— PROCEEDING —**

Name of Complainant Agency, or Person (& Title, if any)
FBI Special Agent Anthony Frazier

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO. _____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
_____

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Hanley Chew

**— DEFENDANT —**

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ _____

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction   } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?   ☐ Yes   ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:
_____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:


SEALED BY ORDER OF THE COURT


E-filing

# ATTACHMENT TO PENALTY SHEET

## UNITED STATES v. NIMA KALBASI

**COUNTS ONE AND TWO**: Unauthorized Access of a Protected Computer to Further Tort - 18 U.S.C. § 1030(a)(2)(C) & (c)(2)(B)(ii)

Maximum Penalties:   5 years term of imprisonment
$250,000 fine or twice the loss involved in the offense
3 year period of supervised release
$100 mandatory special assessment

**COUNT THREE**: Unauthorized Access of a Protected Computer -18 U.S.C. § 1030(a)(2)(C)

Maximum Penalties:   1 year term of imprisonment
$100,000 fine
1 year period of supervised release
$25 mandatory special assessment