BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-00365 BLF |
| Plaintiff, | UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM |
| v. | Date: September 5, 2017 |
| NIMA KALBASI, | Time: 9:00 a.m. |
| Defendant. | Court: Honorable Beth Labson Freeman |

## INTRODUCTION

On June 20, 2017, the Court sentenced defendant Nima Kalbasi to five years of probation for misdemeanor computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C). The Court also scheduled a hearing for September 5, 2017 to determine the amount of restitution, if any, that the defendant owes to Tesla.

The government has re-examined Tesla's request for restitution of its attorneys' fees and believes that the Court should impose restitution for such fees because they were a direct, not consequential, result of the defendant's conduct. Tesla had no choice but to hire legal counsel in Canada to assist them in recovering its stolen data. Thus, the defendant's underlying criminal conduct proximately caused Tesla to incur substantial attorneys' fees and should be part of the restitution order.

# DISCUSSION

## I. The Court Should Award Tesla Restitution of $297,300.69.

The Mandatory Victim Restitution Act ("MVRA") states that courts "shall order" those convicted of certain crimes to "make restitution" to their victims. 18 U.S.C. § 3663A(a)(1); *see also United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013). The Ninth Circuit has interpreted the MVRA to mean that those convicted of applicable crimes must pay restitution to any victim "directly and proximately harmed as a result of the commission of [the] offense." *United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008) (citing Section 3663A(a)(2)). The MVRA goes on to state that restitution orders "shall require" convicted defendants to pay restitution for offenses "resulting in damage to or loss or destruction of property of the victim," 18 U.S.C. § 3663A(b)(1), and to "reimburse the victim for lost income . . . and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." *Id.* at 3663A(b)(4). The Ninth Circuit "has adopted a broad view of the restitution authorization [for investigation costs under the MVRA]. *United States v. Phillip*, 367 F.3d 846, 863 (9th 2004). "Generally investigation costs – including attorney's fees – incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct "may be recoverable.'" *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir. 2004).

The government has the burden of establishing by a preponderance of the evidence that the victim's damages were caused by the conduct of which the defendant was convicted. *United States v. Peterson*, 538 F.3d 1064, 1074-75 (9th Cir. 2008).

Tesla has submitted victim-impact statement to the Court requesting restitution of $275,541.54 based on external costs associated with the defendant's conduct:[1]

| Vendor | Service | Cost |
|---|---|---|
| McCarthy Tetrault LLP Montreal, Quebec | Legal Fees | $153,087.19 |
| Ernst & Young LLP Chartered Accountants Toronto, Canada | Forensic Investigation | $66,205.02 |

---

1. Tesla deducted the $15,000 (Canadian dollars) settlement from this amount.

| Polley Faith LLP Toronto, Canada | Independent Supervising Solicitor in Canada | $50,440.00 |
|---|---|---|
| MKD International Inc. Ontario, Canada | Private Investigator | $18,102.40 |

In addition, Tesla is requesting restitution of $21,759.15 based on the hours its internal Information Security team spent to recover data and costs associated with their time:

| **Employee** | **Role** | **Hours** | **Rate Per Hour** | **Total** |
|---|---|---|---|---|
| Jeff P. Engineer | Examined network log data to identify and analyze the defendant's security breach; conducted forensic analysis of computer data, imaged computers, and interviewed custodians; traveled to Canada to verify and collect data recovered by outside forensic investigation firm Ernest & Young | 135 | $81.73 | $11,033.55 |
| Jon O. Engineer | Examined network log data to identify and analyze the defendant's security breach. | 80 | $72.12 | $5,769.60 |
| Abe C. Director of Information Security | Managed Tesla's project to identify the stolen data and recover it from the defendant. | 35 | $87.00 | $3,045.00 |
| Kyle O. Engineer | Examined network log data to identify and analyze the defendant's security breach. | 30 | $63.70 | $1,911.00 |

The government initially requested that the Court order the defendant reimburse Tesla for its investigation costs of approximately $84,307.42, and not impose the legal fees of approximately $153,087.19 and $50,440.00. *See* Dkt. No. 72. However, the government has re-evaluated its position after further discussing the matter with Tesla's counsel, and requests that the Court impose the full amount of restitution, totaling $297,300.69.

First, Tesla is entitled to recover for the cost of 280 hours of employee time spent on identifying the defendant, responding to the intrusion, assessing of the network, and ascertaining what data was stolen. These expenses are a "direct and foreseeable result" result of the defendant's conduct, and are

recoverable. *See Gordon*, 393 F.3d at 1048; *see also United States v. Barany*, 884 F.2d 1255, 1261 (9th Cir. 1989) (a restitution award must be "based upon losses directly resulting from the defendant's criminal conduct.").

In addition, as the Tesla explained in its Victim Impact Statement, the company hired the Canadian law firm of McCarthy Tetrault LLP to obtain an order from a Canadian court to recover its data from the defendant. The law firm then hired several entities to assist them in their efforts. Those entities included: Polley Faith LLP, a law firm that acted as the independent solicitor to oversee the execution of the Anton Pillar Order (a civil search warrant executed on the defendant's residence and workplace); Ernst & Young LLP, which performed forensic analysis on the defendant's devices; and MKD International, a private investigation firm that the executed search warrants.

All of the aforementioned expenses are a direct and proximate cause of the defendant's illegal conduct. *See id*. As for the attorneys' fees, the Ninth Circuit has permitted recovery of attorneys' fees from separate civil actions in situations, where, as in the instant matter, a person is harmed by criminal conduct that relates to a criminal prosecution and is a direct and foreseeable result of the criminal conduct. *See United States v. Cummings*, 281 F.3d 1046, 1052 (9th Cir. 2002) ("Here, [the victim's] attorney's fees, which were incurred in an attempt to regain custody of her children, were a direct and foreseeable result of Cumming's improper removal and retention of them. There would be no need to engage in civil proceedings to recover the children if Cummings had not taken them to Germany."). Tesla was faced with the fact that the defendant had illegally accessed and taken data from its network, and it was reasonably foreseeable that the company had to do everything within its power to recover the data, including hiring a law firm in Canada to assist them. Thus, Tesla's legal expenses were directly related to the defendant's criminal offense, and should be included in a restitution order. Therefore, the government respectfully requests that the Court impose full restitution to Tesla.

DATED: 8/30/17                     Respectfully submitted,

                                  BRIAN J. STRETCH
                                United States Attorney

                              /s/
                              SUSAN KNIGHT
                              Assistant United States Attorney