**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KALBASI,<br><br>    Defendant. | Case No. 15-cr-00365-BLF-1<br><br>**ORDER REGARDING DEFENDANT'S ASSERTION OF COLLATERAL ESTOPPEL; ORDERING FURTHER STATUS ON *LAGOS V. UNITED STATES* ON OR BEFORE JUNE 29, 2018** |

On June 20, 2017, the Court sentenced Defendant Nima Kalbasi ("Defendant"), who entered a guilty plea to Count 3 of the Indictment charging him with misdemeanor computer intrusion in violation of 18 U.S.C. § 1030(a)(2)(C), to five years' probation and a $25 special assessment. *See* ECF 75 (Criminal Minutes). Counts 1 and 2 of the Indictment were dismissed, and Judgment was entered on June 30, 2017. *See* ECF 76. The Court continued the case for a hearing on restitution, which took place on January 30, 2018 after further briefing from the parties.

Defendant's former employer, Tesla, requests restitution under the Mandatory Victim Restitution Act ("MVRA"), which states that courts "shall order" those convicted of certain crimes to "make restitution" to their victims. *See* 18 U.S.C. § 3663A(a)(1). Tesla's claim for restitution

is based on its attorneys' fees and costs incurred in the course of an action that it initiated against Defendant in Ontario, Canada ("Canadian Action"). The Canadian Action resulted in Defendant's consent to a Judgment for $15,000 CAD payable to Tesla. *See* Defendant's Sentencing Memorandum ("Def. Mem."), ECF 71 at 6-7.

In this criminal case, the Government initially requested the Court to order Defendant to pay restitution to Tesla for certain investigative costs related to identifying Defendant as the individual responsible for the computer intrusion, and executing a search warrant in Canada. *See* Government's Sentencing Memorandum ("Gov't Mem.") at 5, ECF 72. The Government then reevaluated its position, and now supports Tesla's request for full restitution in the amount of $297,300.69. The Government contends that Tesla's attorneys' fees and costs were a direct result of Defendant's conduct and "Tesla had no choice but to hire legal counsel in Canada to assist them in recovering its stolen data." *See* Government's Supplemental Sentencing Memorandum ("Gov't Supp. Mem.") at 1, ECF 79.

Defendant argues that Tesla is collaterally estopped from seeking any restitution due to the Judgment entered against Defendant in the Canadian Action on March 31, 2015 which ordered him to pay Tesla $15,000 CAD. Def. Mem. at 6; *see also* Def. Mem. Exh. H. Defendant characterizes the Judgment in the Canadian Action as a "resolution of a law suit based on the evidence produced in the course of litigation." Def. Mem. at 8. However, Defendant has not provided the Court with any information on Canadian procedure regarding the significance of this kind of Judgment. Moreover, the Government characterizes the Judgment in the Canadian Action as an adoption of the parties' agreement to resolve the dispute, where the Canadian court did not actually make a determination regarding the factual basis for Tesla's claims or the full extent of its damages.

In *United States v. Edwards*, the Ninth Circuit held that collateral estoppel applies where it is established that: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." 595 F.3d 1004, 1012 (9th Cir. 2010). The Government does not

dispute that the second and third prongs of *Edwards* are satisfied, but argues that the issue before the Canadian court was not identical to the issue before this Court, which must operate under the MVRA. Defendant argues that the legal issues underlying satisfaction of the MVRA in this case are identical to the legal issues underlying satisfaction of the Judgment in the Canadian Action, namely, "full settlement for the amount of a victim's losses and costs." *See* Def. Reply at 2, ECF 73. Because the Judgment ordered Defendant to pay Tesla $15,000 CAD "in satisfaction of the claims in the Statement of Claim," and the Statement of Claims included a claim for damages and costs, Defendant argues that Tesla has already been compensated for its costs associated with the Canadian Action and is collaterally estopped from seeking restitution in this criminal case. Def. Mem. at 7; *see also* Def. Mem. Exh. H.

As stated on the record at the restitution hearing, the Court is not persuaded by Defendant's argument with respect to the first prong of *Edwards*. There is clearly a distinction between the goals and purposes of a settlement, such as the settlement reached in the Canadian Action, and the goals of restitution under the MVRA. "The primary and overarching goal of the MVRA is to make victims of crime whole." *Edwards*, 595 F.3d at 1013 (quoting *United States v. Gordon,* 393 F.3d 1044, 1048 (9th Cir. 2004). Another purpose of criminal restitution is to penalize. *United States v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011). In contrast, reaching a civil settlement is not about full compensation to the victim or penalizing a criminal, and it involves consideration of factors that the MVRA does not take into account, such as a party's ability to pay.

Moreover, Defendants have not cited to any case, and the Court cannot find any, that approved collateral estoppel where there was a settlement even if finalized in the form of a Judgment. *Edwards* held that "[c]riminal restitution is mandatory under the MVRA and cannot be waived by a prior civil settlement." 595 F.3d at 1014. In decisions post-*Edwards*, district courts have held that restitution can at most be offset by payments made pursuant to a prior settlement. *See, e.g.*, *United States v. Martinez*, No. 11CR1445 WQH, 2013 WL 257081, at *4 (S.D. Cal. Jan. 23, 2013). Despite ample briefing and the Court's own research, there does not appear to be any authority for approving collateral estoppel where there was a previous settlement in an amount far less than the claimed damages—in this case about 5% of Tesla's claim. The Court does find that a

3

set-off of $15,000 CAD is appropriate in this case to ensure that Defendant does not pay more than the amount of Tesla's actual losses. *See Rizk*, 660 F.3d at 1137. Thus, Defendant is not deprived of the benefit of his previous civil settlement with Tesla.

Defendant argued at the hearing that *Edwards* should not be read to preclude a non-criminal Judgment from satisfying its first prong. The Court's decision on collateral estoppel does not preclude this result. For example, the collateral estoppel determination may very well have been different had the Canadian Action gone to trial and resulted in a damages verdict that determined Tesla's fees and costs. However, those circumstances are not before the Court, and Defendant offers no briefing on the Canadian legal system that would permit the Court to determine that the settlement reached is akin to a verdict, rather than an agreement between the parties that the Court approved.

For the foregoing reasons, the Court finds that restitution to Tesla under the MVRA is not precluded by collateral estoppel based on the Judgment in the Canadian Action. However, the amount of restitution shall be offset by the $15,000 CAD that Defendant has already paid to Tesla.

At this juncture, however, the Court cannot determine the amount of restitution to be paid to Tesla under the MVRA. This is because the parties also dispute whether the MVRA applies to costs of internal investigations when those investigations were not requested by law enforcement and were undertaken prior to any law enforcement inquiry. *See* ECF 86. Further, if these internal investigations do qualify for restitution, the parties dispute whether Tesla's expenses are necessary within the meaning of the MVRA. *Id*. These two issues are necessarily related. On January 12, 2018, the United States Supreme Court granted certiorari in *United States v. Lagos*, 864 F.3d 320 (5th Cir. 2017), which held that the class of internal investigations at issue in this case does qualify for restitution under the MVRA. The Supreme Court will thus resolve a split of authority that has developed among the Courts of Appeals, including the Ninth Circuit, regarding whether a victim can recover such internal investigation costs. *Compare United States v. Nosal*, 844 F.3d 1024, 1047 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 314 (2017) (siding with *Lagos*) *with United States v. Papagno*, 639 F.3d 1093, 1095 (D.C. Cir. 2011).

The parties agreed to bifurcate the collateral estoppel issue, discussed above, and the issues involving the scope of the MVRA with respect to internal investigations. *See* ECF 86. As discussed at the January 30, 2018 restitution hearing, the Court CONTINUES this case pending the Supreme Court's determination of *Lagos*. The parties are ORDERED to submit a written status report **on or before June 29, 2018.**[1]

**IT IS SO ORDERED.**

Dated: January 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] This status shall be in paper form only, and the appearance of counsel is not required at that time. Defendant may appear by Court Call at any further restitution hearing set by the Court.