ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SUSAN KNIGHT (CABN 209013)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5056
    FAX: (408) 535-5066
    E-Mail: Susan.Knight@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NIMA KALBASI,<br><br>    Defendant. | Case No. 15-00365 BLF<br><br>UNITED STATES' STATUS MEMORANDUM REGARDING RESTITUTION AND ~~PROPOSED ORDER~~ |

On January 20, 2017, the Court sentenced the defendant to five years' probation and a $25 special assessment for misdemeanor computer intrusion. The Court granted the government's request to continue the hearing on restitution to January 30, 2017. Tesla requested restitution for attorney's fees, investigator costs, and other expenses the company incurred during a civil lawsuit filed against the defendant in Ontario Superior Court in Canada. The defendant paid Tesla $15,000 to settle the lawsuit prior the initiation of the criminal case.

At the January 30, 2018 hearing, the parties informed the Court that the Supreme Court was examining the same restitution issue in *Lagos v. United States*, No. 16-1519, as in the instant case. Specifically, whether a provision in the Mandatory Victims Restitution Act ("MVRA") regarding the scope of recoverable costs of "investigation or prosecution" included costs the victim incurred in

conducting a private investigation of the offense. The MVRA provides for reimbursement to "the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4).

On May 29, 2018, the Supreme Court issued its opinion in *Lagos* where it unanimously found that the MVRA's provision regarding the costs of "investigation or prosecution" does not include the costs the victim incurred in conducting a private investigation. Thus, the *Lagos* decision precludes Tesla from recovering its attorney's fees and other costs from the Canadian lawsuit.

On May 29, 2018, undersigned counsel sent the Lagos opinion to Candace Jackman, Tesla's Managing Counsel for Litigation. *See* Exhibit A, Declaration of AUSA Susan Knight. On June 18, 2018, undersigned counsel discussed the *Lagos* decision with Ms. Jackman, who agreed that Tesla could not recover its attorney's fees and other costs from the Canadian lawsuit. Ms. Jackman then investigated whether Tesla would request restitution for costs outside of the Lagos decision. On June 21, 2018, Ms. Jackman notified undersigned counsel that Tesla would not be seeking restitution because it was "not meaningful enough to be worthwhile." *Id.*

Based on the above, the government requests that the Court not impose restitution in the above-captioned matter.

DATED: 6/21/18

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

/s/
SUSAN KNIGHT
Assistant United States Attorney

## ~~[PROPOSED]~~ ORDER

Based on the foregoing, the Court HEREBY FINDS that based on the Supreme Court's decision in *Lagos v. United States*, No. 16-1519, Tesla cannot obtain restitution for attorney's fees and other costs it incurred during the course of its civil lawsuit against the defendant. The Court ALSO FINDS that Tesla was notified by the United States Attorney's Office about its right to request restitution for costs that fell outside of the company's private investigation costs and has chosen to forgo restitution for those costs.

Accordingly, the Court HEREBY ORDERS that no restitution shall be imposed in *United States v. Kalbasi*, CR 15-00365 BLF.

SO ORDERED.

DATED:  June 21, 2018

HON. BETH LABSON FREEMAN
United States District Judge